SRM

**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Benjamin Joe Williams,**<br>Plaintiff<br>-vs-<br>**Maricopa County Sheriff's Office, et al.,**<br>Defendant(s) | CV-04-2901-PHX-MHM (JI)<br><br>**ORDER** |

Under consideration is Defendants' Motion to Dismiss for Failure to Prosecute, filed June 2, 2006 (#25). Defendants argue that in the course of preparing the parties' Joint discovery plan, Plaintiff indicated his impending release from prison. On April 18, 2006, Plaintiff filed a Notice of Change of Address (#22), reflecting a private address. Defendants have attempted to contact Plaintiff at the address and phone number provided by Plaintiff, but have been advised that although Plaintiff was known to the residents, he did not reside at the address or phone. A telephone number provided by those residents proved unfruitful as well. Despite leaving messages, Defendants have not heard from Plaintiff. The parties' joint discovery plan is now well overdue.

On June 12, 2006, Magistrate Judge entered an Order (#27), directing Plaintiff to respond to the motion to dismiss within ten days. Plaintiff has not responded, and Plaintiff's copy of that Order has inexplicably not been returned.

**<u>Failure to Respond</u>** - Plaintiff has failed to respond to the motion. The Court's order (#28) setting the briefing schedule warned Plaintiff of the provisions of Local Rule of Civil Procedure 7.2(i), which provides that a failure to respond to a motion can be deemed by the Court to be a consent to the granting of the motion. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (holding that the district court did not abuse its discretion by summarily granting the defendants' motion to dismiss pursuant to a local rule where the pro se plaintiff

had time to respond to the motion but failed to do so).

Despite being warned of the effect of non-response, Plaintiff has not responded to the motion to dismiss. Further, Plaintiff has not undertaken any visible action in this proceeding following the filing of his Notice of Change of Address. Accordingly, the Court will exercise its discretion to deem Plaintiff's silence to be a consent to the granting of the motion.

Moreover, the Court finds that the motion should be granted on its merits.

**<u>Failure to Prosecute</u>** - Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.,* 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff has failed to prosecute this matter. Plaintiff has failed to participate in the preparation of the Joint Discovery Plan, as required by the Court's Scheduling Order, filed June 28, 2005 (#9) and followup Order filed June 5, 2006 (#26), and has apparently failed to file a notice of change of address as required by the service Order filed April 7, 2005 (#4). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious

resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address and to participate in discovery planning prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. However, without Plaintiff's current address or any response from Plaintiff, certain alternatives are bound to be futile.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to Prosecute, filed June 2, 2006 (#25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Complaint (#1) and this action are **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

DATED this 24th day of July, 2006.

_____
Mary H. Murguia
United States District Judge